**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GLEN J. THOMAS,                                  *
                                                 *
                     Plaintiff,                  *
v.                                               *
                                                 *          No. 4:13CV00724-DPM-JJV
DOC HOLLADAY,                                    *
Pulaski County Sheriff,                          *
                                                 *
                     Defendant.                  *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

This case involves an unfortunate set of circumstances.   Plaintiff, Glen Thomas, was incarcerated at the Pulaski County Regional Detention Facility.  On June 10, 2013, while eating, he bit into a rock and damaged his teeth.  (Doc. No. 2.)  He says although the Sheriff was notified immediately after the incident, he was not provided any medical care for his pain.  (*Id.* at 1.)  The next day he bit into another rock and further damaged his teeth.  (*Id.* at 2.)  He seeks money damages to repair his teeth and compensate him for his pain and suffering.  (*Id.*)

## II.    MOTION FOR SUMMARY JUDGMENT

### A.     Standard of Review

Defendant Holladay has filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims.  (Doc. No. 13.)  Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."
*Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the
moving party has met this burden, the non-moving party cannot simply rest on mere denials of
allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there
is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light
most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the
non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those
facts that could actually affect the outcome of the lawsuit." *Id.*

### B.    Official Capacity

Sheriff Holladay argues that Plaintiff's official capacity claims fail as a matter of law. (Doc.
No. 14 at 5-6.) The Complaint is silent as to whether Plaintiff is suing Defendant Holladay in his
official or personal capacity. (Doc. No. 2) And when a plaintiff's complaint is silent as to the
capacity in which he is suing, the complaint is considered as *only* including official capacity claims.
*Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d
615, 619 (8th Cir. 1995). So, this suit against Sheriff Holladay in his official capacity is in essence
a suit against Pulaski County. *See Barbeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir.
2010); *Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006).

Although the Court is sympathetic to Plaintiff's claims, after careful consideration of his
Complaint, the Court concludes that the Complaint should be dismissed for failure to state a claim
upon which relief may be granted. In *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658 (1978),
the Supreme Court held that local governments are not liable under § 1983 for injuries inflicted
solely by their employees or agents. Instead, a county is liable for the acts of its employee only when
the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*,

3

557 F.3d 628, 632 (8th Cir. 2009).  A "policy" is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999)..  To establish a custom, a plaintiff must prove the existence of a continuing pattern of unconstitutional misconduct, not a single act.  *Marksmeier v. Davie*, 622 F.3d 896, 902-903 (8th Cir. 2010).  Although these facts do not represent a single act, Plaintiff makes an allegation of two events in two days.  More significantly, the alleged facts in the Complaint fail to provide any support for a finding these events amount to a constitutional violation.  Instead, the facts lead this Court to conclude that Plaintiff's claims are based in negligence.  But even gross negligence is insufficient to prove a violation of Thomas's constitutional rights.  *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002).

Accordingly, the facts alleged in Plaintiff's Complaint simply fail to support a sufficient official capacity claim.  This case should be dismissed on this basis alone.

### C.    Individual Capacity Claims and Qualified Immunity

Defendant Holladay also argues that, even if Plaintiff sued him in his individual capacity, he is shielded by qualified immunity.  Qualified immunity shields a government official from suit in his performance of a discretionary function, unless the official's conduct violates a clearly established constitutional right, of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In considering the defense of qualified immunity, the Court must take the facts in the light most favorable to Plaintiff and determine (1) whether facts alleged or shown by Plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established at time of defendant's alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (*overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)).  In making these determinations,

4

courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236.

Giving Plaintiff all benefit of the doubt, the Court concludes that Plaintiff has not established any violation of his constitutional rights. At best, jailers were negligent in allowing a rock to be Plaintiff's food and in handling Plaintiff's dental care.

Plaintiff's most serious allegation is that he was not provided any treatment for pain after his teeth were injured. But an allegation of negligence in treating a medical condition does not constitute a claim of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). *See also Smith v. Marcantonio*, 910 F.2d at 502 (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Moreover, Plaintiff has not stated that Sheriff Holladay was personally involved in these events. While he claims "the Sheriff was notified immediately after the rock in my food had broken my teeth," he provides nothing to suggest *Defendant Holladay* refused to provide him medical care. Plaintiff generally states, ". . . no medical care was given for pain" and not that Defendant Holladay was in any way involved in these events. Holladay is not automatically liable through his position as Sheriff. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's

diagnostic decision[s].'" *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos*, 73 F.3d at 176). "[I]f any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

And while the Court is troubled by Plaintiff's allegation he suffered serious tooth damage that went untreated, it appears jailers reasonably responded.  The damage occurred on June 10 and 11, 2013.  The next day, Nurse Sarah Speer reported she had scheduled Mr. Thomas "to be seen in the dental clinic at the next available appointment."  (Doc. No. 15-1, at 6.)  However, Plaintiff was released from jail on June 14, 2013, before seeing the dentist.  (Doc. No. 15, at 2.)  Given these facts, the Court is unable to find that Defendant Holladay violated Plaintiff's constitutional rights.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant's Motion for Summary Judgment (Doc. No. 13) be GRANTED.

2.    Plaintiff's Complaint be DISMISSED with prejudice.

DATED this 9th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE